# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

BEN DAVIS,

                Plaintiff,

     v.

SGT. LUPER,

                Defendant.

Case No. 3:20-cv-00141-SLG

## SCREENING ORDER

Self-represented prisoner Ben Davis filed a Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983 on June 17, 2020.[1]  Additionally, he filed a Prisoner's Application to Waive Prepayment of the Filing Fee.[2]

In his complaint, Mr. Davis alleges that he has been subjected to cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution.[3]  He alleges that on April 20, 2020, Sgt. Luper moved him "from A-Mod to C-Mod to an ADA cell and given a care-giver due to the fact I am in a wheelchair and I can not stand or walk."[4]  Mr. Davis alleges that his new cellmate/caregiver was a federal inmate and a member of the 1488 prison gang.  He further alleges that his cellmate/caregiver would leave the cell door open allowing other inmates to take

---

[1] Docket 1.

[2] Docket 2.

[3] Docket 1 at 3.

[4] Docket 1 at 3.

property without permission. Mr. Davis alleges that this led to a confrontation with his cellmate/caregiver, resulting in his cellmate/caregiver beating him and Mr. Davis threatening to stab his cellmate/caregiver. Mr. Davis alleges that "Sgt. Luper set that up because I wouldn't tell her who was bringing in the dope into the jail and wouldn't give them up or she could never catch me moving any down the halls and this made her more mad."[5] Mr. Davis states that he is in protective custody "where the prison gang the 1488 can't get to me and I fear for my life."[6]

For relief, Mr. Davis request (1) $50,000.00 in damages; (2) $1,000,000.00 in punitive damages; and (3) an order requiring the defendant "not to [retaliate] against plaintiff for filing the suit."[7]

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner seeking a waiver of the prepayment of the filing fee. In this screening, a court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

---

[5] Docket 1 at 3.

[6] Docket 1 at 7.

[7] Docket 1 at 8.

Case No. 3:20-cv-00141-SLG, *Davis v. Luper*
Screening Order
Page 2 of 7
Case 3:20-cv-00141-SLG   Document 3   Filed 08/10/20   Page 2 of 7

> (iii) seeks monetary relief against a defendant who is immune from such relief.[8]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[9] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[10] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[11]

## DISCUSSION

Mr. Davis alleges that Sgt. Luper failed to protect him from physical violence caused by another prisoner in violation of the Eighth Amendment of the U.S. Constitution. In order to state such a claim, a plaintiff must sufficiently plead both

---

[8] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(a), (b).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[10] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[11] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

Case No. 3:20-cv-00141-SLG, *Davis v. Luper*
Screening Order
Page 3 of 7
Case 3:20-cv-00141-SLG   Document 3   Filed 08/10/20   Page 3 of 7

the objective and subjective elements of the deliberate indifference standard. The Complaint does not sufficiently allege these required elements. Accordingly, the Court must dismiss Mr. Davis's Complaint for failure to state a claim upon which relief may be granted. The Court grants leave to amend.

I. Failure to State a Claim

The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of the inmates."[12] This includes a duty to protect prisoners from violence at the hands of other prisoners.[13] An Eighth Amendment claim for failure to protect is based on the deliberate indifference standard and must satisfy both an objective and a subjective component test.[14] This requires that objectively, the defendant's "act or omission must cause 'a substantial risk of serious harm.'"[15] Furthermore, the defendant "must be subjectively aware of that risk and act with 'deliberate indifference to inmate health or safety.' In other words, 'the official must both be aware of facts from which the inference could be drawn

---

[12] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).

[13] *Id*. at 833. *See also Cortez v. Skol*, 776 F.3d 1046, 1050–53 (9th Cir. 2015).

[14] *Farmer*, 511 U.S. at 834.

[15] *Cortez*, 776 F.3d at 1050 (9th Cir. 2015) (quoting *Farmer*, 511 U.S. at 833) .

Case No. 3:20-cv-00141-SLG, *Davis v. Luper*
Screening Order
Page 4 of 7
Case 3:20-cv-00141-SLG   Document 3   Filed 08/10/20   Page 4 of 7

that a substantial risk of serious harm exists, and he must also draw the inference.'"[16]

To state a claim for failure to protect in violation of the Eighth Amendment, Mr. Davis must allege: (1) the defendant made an intentional decision regarding the plaintiff's conditions of confinement; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. With respect to the third element, the defendant's conduct must be both objectively unreasonable and done with a subjective awareness of the risk of harm. In other words, the defendant must have known facts from which an inference could be drawn that there was a substantial risk of serious harm, and the defendant must have actually drawn that inference.

Mr. Davis has not alleged that his housing placement would have been a known risk and Sgt. Luper failed to abate that risk. Accordingly, Mr. Davis has failed to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED:**

1. The Complaint at Docket 1 is dismissed without prejudice. The Court grants leave to amend.

2. Mr. Davis has until **September 11, 2020** to file one of the following:

---

[16] *Id.* (quoting *Farmer*, 511 U.S. at 834, 839–40).

Case No. 3:20-cv-00141-SLG, *Davis v. Luper*
Screening Order
Page 5 of 7
Case 3:20-cv-00141-SLG   Document 3   Filed 08/10/20   Page 5 of 7

a. <u>Amended Complaint</u>, in which Mr. Davis would resubmit his claims to the Court after correcting the deficiencies in accordance with this order; an amended complaint would replace the current complaint in its entirety;[17]  OR

    b. <u>Notice of Voluntary Dismissal</u>, which would inform the Court that Mr. Davis no longer wishes to pursue his lawsuit and would dismiss the entire action.

3. Any Amended Complaint *must be on this Court's form*, which is being provided to Mr. Davis with this order.  As discussed above, an amended complaint will replace the prior complaint in its entirety.[18]  Mr. Davis must include all of the claims he seeks to bring.  Any claims not included in the amended complaint will be considered waived.

4. If Mr. Davis does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form by **September 11, 2020,** this case will be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B).  This dismissal will count as a "strike" against Mr. Davis under § 1915(g).[19]

---

[17] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[18] Local Civil Rule 15.1.

[19] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States, which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."  Mr. Davis has been a frequent litigator over the last two decades.  Currently, he has two strikes from his prior dismissed lawsuits (3:17-cv-00263-TMB & 3:18-cv-00157-SLG) per the Prison Litigation Reform Act.   His

Case No. 3:20-cv-00141-SLG, *Davis v. Luper*
Screening Order
Page 6 of 7
Case 3:20-cv-00141-SLG   Document 3   Filed 08/10/20   Page 6 of 7

5. The Application to Waive Prepayment of the Filing Fee at Docket 2 is **DEFERRED**.

6. At all times, Mr. Davis must keep the Court informed of any change of address. Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS." This notice must not include any requests for any other relief, and it must be served on any Defendant's attorney who makes an appearance in this case. Failure to file a notice of change of address may result in the dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure.

7. The Clerk of Court is directed to send Mr. Davis the following forms with this order: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983;" (2) form PS09, Notice of Voluntary Dismissal; (3) form PS23, Notice of Change of Address; and (4) the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT."

   DATED this 10th day of August, 2020, at Anchorage, Alaska.

   */s/ Sharon L. Gleason*
   UNITED STATES DISTRICT JUDGE

---

next suit to be dismissed for failure to state a claim, frivolousness, or maliciousness, will result in his third strike. After three strikes, Mr. Davis will be unable to file lawsuits under in forma pauperis status, unless he demonstrates "imminent danger of serious physical injury."

Case No. 3:20-cv-00141-SLG, *Davis v. Luper*
Screening Order
Page 7 of 7
Case 3:20-cv-00141-SLG   Document 3   Filed 08/10/20   Page 7 of 7